UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RODRIGO GARCIA BONILLA,

      Petitioner,

v.                                                      Civil Action No. 4:22-CV-356-P

FREDDIE GARRRIDO, Warden
FMC-Fort Worth,

      Respondent.

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Rodrigo Garcia Bonilla ("Bonilla"), a federal prisoner confined at FMC-Fort Worth in Fort Worth, Texas when he filed suit. Pet. 3, ECF No. 1. Petitioner seeks credit toward his federal term of imprisonment for time served in the temporary custody of the United States Marshal Service on a federal writ while in the primary jurisdiction of the State of Texas. Am. Pet. 5-8. ECF No. 10. More specifically, Bonilla seeks credit from July 29, 2019 to February 13, 2020, towards his federal sentence. *Id.* The Respondent filed a response and extensive appendix (ECF Nos. 20, 21), but Bonilla did not file a reply. After review of the § 2241 petition, response with appendix, and applicable law, the Court concludes that the § 2241 petition must be **DISMISSED** for lack of exhaustion.

### I.    BACKGROUND

On July 24, 2019, Bonilla was arrested by the Ector County Sheriff's Office on a Texas state parole violation warrant. App. (Hayes Declaration) 3, ¶ 5, ECF No. 21. The United States Marshal Service ("USMS") placed a hold and took Bonilla into temporary custody on July 29, 2019, pursuant to a federal writ of habeas corpus *ad prosequendum*. *Id.*, ¶¶ 5-6. Bonilla was then convicted and sentenced to a 21-month term of imprisonment for being a felon in possession of a firearm, in the Western District of Texas. *See United States v. Bonilla*, Case No. 7:19-CR-00185(1) DC, (W.D. Tex. Feb. 10, 2020), ECF No. 40; *Id.*, ¶ 7. The sentencing Court ordered

credit under 18 U.S.C. § 3585(b) for the time served while Bonilla was in custody for the federal offense. Judgment, No. 7:19-CV-0185(1)DC, ECF No. 40; *Id.* On February 13, 2020, Bonilla was returned to Texas state authorities with a federal Judgment lodged as a detainer. *Id.*, ¶ 8.

On May 29, 2020, Bonilla's parole on state charges was revoked by the State of Texas. *Id.*, ¶ 9. The time Bonilla spent in federal custody pursuant to a federal writ from July 29, 2019 through February 13, 2020, was applied to his state parole violation sentence. *Id.*, ¶ 14. Bonilla satisfied his state sentence and was released from state custody on November 24, 2021, to the custody of the USMS on a federal detainer. *Id.*, ¶ 11. Bonilla's federal sentence then commenced on November 24, 2021, and his projected release date is May 21, 2023. App. 54; www.bop.gov (inmate locator for Rodrigo Bonilla, No. 38002-480) (last visited November 8, 2022).

Bonilla filed a motion in the federal sentencing court to amend the federal judgment to order specific dates of credit for time served in federal custody. App. 3, (Hayes Declaration) ¶ 12, ECF No. 21. On June 28, 2022, the sentencing court denied the motion, and instructed Bonilla to file a writ of habeas corpus pursuant to 28 U.S.C. § 2241 after exhausting administrative remedies and in a court with proper venue if he wished to challenge his sentence computation. *Id.*

Bonilla filed a handwritten petition for writ for habeas corpus in the sentencing court on April 22, 2022, (ECF No. 1), but that court transferred the case to this the Northern District of Texas since Bonilla was imprisoned in this district. ECF Nos. 3, 4. After receipt of the case, the Court directed Bonilla to complete and file an amended § 2241 petition, which he did. Order 1-2, ECF No. 8; Am. Pet. 1-11, ECF No. 10. At approximately the same time, Bonilla initiated the administrative remedy process by seeking an informal resolution on April 20, 2022. App. 78, ECF No. 21. Bonilla received a response on April 28, 2022, that his sentence computation was correct. *Id.* Bonilla then submitted a BP-9 form, dated April 29, 2022, seeking credit for the time served while held on a federal detainer. App. 75, ECF No. 21. That request was received on May 4, 2022, and assigned Administrative Remedy No. 1119179-F1. *Id.* at 74-75. FMC-Fort Worth Warden Garrido denied Bonilla's request on May 22, 2022, and directed him to appeal to the Regional Director if he was dissatisfied with the response. App. 74, ECF No. 21. Bonilla submitted an appeal to the Regional Director, Remedy No. 1119179-R2, dated June 21, 2022. App. 65, ECF No. 21. On August 24, 2022, the Regional Director responded that the Designation

and Sentence Computation Center interpreted Bonilla's request as a request for *Barden*[1] review. App. 66, ECF No. 21. At the time of the filing of the Respondent's response in this proceeding, the BOP was awaiting an answer from the sentencing court as to whether Bonilla's sentence ran concurrent with his state sentence. *Id.* Bonilla's administrative appeal was closed, but he was instructed to appeal to the Office of General Counsel within 30 days if dissatisfied with that response. *Id.* Bonilla did not appeal. App. 63 (showing no appeal to the General Counsel on "Remedy ID 1119179-A1").

The BOP otherwise determined that Bonilla is not entitled to credit for the time spent in custody pursuant to a federal writ. App. 3-4, ¶ 13, ECF No. 21. As noted, however, in accordance with the ruling in *Barden*, the BOP also interpreted Bonilla's request for credit as a request for a *nunc pro tunc*, or retroactive designation. App. 4, ¶ 15, ECF No. 21. As noted, the BOP asked the sentencing judge in the Western District of Texas for a position as to whether the federal sentence should run concurrently with the sentence he served with the State of Texas, or consecutively. Resp. 3, ECF No. 20. The BOP, however, had not received a response from the sentencing court. *Id.*

## II. EXHAUSTION

### A. Bonilla Failed to Exhaust Administrative Remedies.

As a preliminary matter, Respondent asserts that Bonilla has failed to exhaust his administrative remedies related to his assertion that he is entitled to credit while in the temporary custody of the USMS on a federal writ. Resp. 4, ECF No. 20. Although § 2241 does not contain an exhaustion requirement, it is well-settled law that a federal inmate must exhaust all administrative remedies available prior to filing a habeas petition pursuant to § 2241. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("[A] federal prisoner filing a §2241 petition must first pursue all available administrative remedies."); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) ("[E]xhaustion of administrative remedies is a prerequisite to filing a section 2241 petition.").

---

[1] *Barden v. Keohane,* 921 F.3d 476, 478 (3rd Cir. 1990) (interpreting a request for sentence credit as a request for *nunc pro tunc*, or retroactive designation).

3

Exceptions to the exhaustion requirement exist when administrative remedies are unavailable, inappropriate for the relief sought, or where the attempt to exhaust remedies would be futile. *Fuller*, 11 F. 3d at 62. But these exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.*

Exhaustion of administrative remedies for a BOP inmate requires the inmate follow the procedures for filing administrative remedies outline in 28 C.F.R §§ 542.10-542.18. This process requires that an inmate first make an informal request for resolution to the appropriate BOP staff member. 28 C.F.R. § 542.13. If an informal resolution is not achieved, an inmate must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. §542.14. If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director within twenty days unless an extension is granted. 28 C.F.R. § 542.15. If the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the Office of General Counsel, or Central Office, within thirty days, although the time limit may be extended if the inmate demonstrates a valid reason for the delay. 28 C.F.R. § 542.15. The Appeal to the General Counsel is the final administrative appeal. 28 C.F.R. § 542.15.

Although Bonilla pursued his administrative remedy through the Regional Director, he failed to appeal to the General Counsel. Bonilla also filed his writ for habeas corpus *before* exhausting his administrative remedies and in contravention to the sentencing court's June 28, 2022 instruction. App. 37, ECF No. 21. By doing so, Bonilla deprived the BOP of the opportunity to consider his request and resolve the issue before involving this Court, frustrating the purpose of the Administrative Remedy Program. For instance, in response to Bonilla's request for administrative remedy, the BOP sought guidance from the sentencing court as to the application of his federal sentence. But since Bonilla filed this habeas action before completing the exhaustion requirement, this Court is now being asked to rule on a matter that may be resolved by the sentencing court. Since Bonilla failed to properly exhaust his administrative remedies, the Court finds that the instant § 2241 petition must be dismissed for lack of exhaustion.

### B.    The Court Does Not Reach the Alternative Claim that Bonilla is Not Entitled to Sentence Credit

The Respondent alternatively argues the Court should address the merits of Bonilla's claims. Other courts have recognized that where an inmate/§ 2241 petitioner may be released before he could complete the administrative remedy process, the Court can also alternatively reach a determination of the § 2241 petition on the merits. *See Hager v. U.S. Attorney General*, No. 3:04-CV-040-M, 2004 WL 691578, at *1 (N.D. Tex. Mar. 26, 2004) (noting that although Petitioner's claims in a § 2241 petition were not properly exhausted before he filed suit, because he was due to soon be released, addressing and resolving the § 2241 petition on the merits), *rep. and rec. adopted*, (N.D. Tex. Apr. 13, 2004); *see also Wilson v. Keffer*, CA No. 08-1961, 2009 WL 1230020, at *3–4 (W.D. La. May 5, 2009) (although rejecting Petitioner's claim that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone," alternatively reaching and denying the merits of the § 2241 petition).

In the instant case, Bonilla's projected release date is over six months away, ample time for him to complete the administrative remedy process. Further, Bonilla has otherwise attempted to pretermit the administrative remedy process. But he has not shown any extraordinary circumstances to warrant the court reaching the merits of his claim without having properly completed the administrative remedy process. Particularly here, where the BOP has sought input from the sentencing court that may relate to Bonilla's claims, the Court should not reach the merits of Bonilla's sentence credit claim.

### III.   CONCLUSION and ORDER

It is therefore **ORDERED** that Rodrigo Garcia Bonilla's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for failure to exhaust administrative remedies.

**SO ORDERED** on this **8th day** of **November, 2022.**

                               _____
                               Mark T. Pittman
                               UNITED STATES DISTRICT JUDGE